UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANNA-MARIA THOMAS, Ed.D.,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION f/k/a BOARD OF EDUCATION
OF THE CITY SCHOOL DISTRICT OF THE
CITY OF NEW YORK; and JOEL I. KLEIN,
Individually and as Chancellor of the CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK; ROBERT FINLEY, Individually and in
his official capacity as Principal of Brooklyn High
School of the Arts: JOHN REEDY, Individually
and in his official capacity as Assistant Principal
of Brooklyn High School of the Arts; and
DANIEL PARADIS, Individually and in his
official capacity as Teacher at Brooklyn High
School of the Arts; MARGARET LACEY-
BERMAN, Individually and in her official
capacity as Principal of Brooklyn High School of
the Arts,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-00464 (CBA)

**AMON, United States District Judge:**

Plaintiff Anna-Maria Thomas brings this employment discrimination case against her former employer and some of her former supervisors and colleagues (collectively, "Defendants"). This Memorandum & Order addresses (1) Thomas's motion for reconsideration of a March 29, 2013 decision dismissing certain claims and (2) Defendants' motion to dismiss the action on failure-to-prosecute grounds. For the reasons described below, the Court denies both motions.

1

## PROCEDURAL HISTORY

Thomas brought this employment discrimination action on February 3, 2010, (D.E. # 1), which was assigned to the late Honorable Sandra L. Townes, United States District Judge, (D.E. dated Feb. 5, 2010). On January 11, 2013, after briefing had completed on Defendants' motion to dismiss, Thomas sought a stay of this action so that she could fire her attorney and retain new counsel. (D.E. # 30.) Judge Townes granted in part Thomas's application to stay the case for 30 days to enable Thomas to seek new counsel, but stated that she planned to adjudicate Defendants' motion to dismiss in the interim. (D.E. # 31 at 2.)

On March 29, 2013, Judge Townes granted in part and denied in part Defendants' motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss Ruling"). (D.E. # 33 ("Mot. to Dismiss Ruling") at 43–44.) After Judge Townes issued that ruling, Thomas, proceeding pro se, sought and was granted two extensions of time to seek reconsideration. (D.E. # 36, 38.) Thomas sought another extension on May 17, 2013, (D.E. # 39), and, on June 28, 2013, wrote a letter requesting a court order related to Thomas's legal representation, (D.E. # 40). The case then went dormant for almost four years.

On March 20, 2017, Judge Townes issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. (D.E. # 41.) Thomas, finally represented by counsel, eventually responded to the Order to Show Cause by stating,

> Plaintiff's delay in prosecuting her case stemmed from a protracted acrimonious relationship with her prior counsel. In June 2013, Plaintiff terminated her relationship with her attorneys and Plaintiff attempted to pursue the matter pro se, but she found much difficulty in researching the law and truly grasping the complexity of her case to move forward. Additionally, Plaintiff was assaulted by a student during her tenure with the Department of Education. The injury from that assault caused her to suffer from many physical ailments. The injuries took a toll on her both physically and mentally. At some point in 2014, Plaintiff had no choice but to focus on her health as much as she could. Plaintiff attempted to retain counsel

to handle her case but the task was extremely overwhelming in light of her health and the costs to hire counsel. It was not until May 2017 that Plaintiff was able to retain the services of The Charrington Firm, PC to represent her in this matter. In fact, Plaintiff has yet to receive her entire file from prior counsel and may need an Order from this Court to obtain it.

(D.E. # 45 at 2–3.)

A few days later, Judge Townes scheduled a status conference. (D.E. dated July 10, 2017; D.E. dated July 12, 2017.) At the July 27, 2017 status conference, Judge Townes granted Thomas leave to move for reconsideration of the Motion to Dismiss Ruling. Thereafter, on August 2, 2017, Judge Townes issued an Order clarifying her initial Motion to Dismiss Ruling. (D.E. # 48.)

On August 14, 2017, Thomas moved for reconsideration.[1] (D.E. # 49-1 ("Reconsideration Mot.").) Defendants oppose the motion and seek dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). (D.E. # 50 ("Defs. Opp.").) In reply, Thomas filed an affidavit in her name and an affirmation signed by her attorney. (D.E. # 52.) On February 21, 2018, this case was reassigned to this Court.

## DISCUSSION

### I. Thomas's Motion for Reconsideration

Thomas seeks reconsideration of the Motion to Dismiss Ruling on two grounds, both related to her claims of age discrimination. First, she challenges Judge Townes's ruling that she had inadequately pled a § 1983 claim for age discrimination in violation of the Equal Protection Clause. (Reconsideration Mot. at 8–10.) Second, she challenges Judge Townes's ruling that most of her age discrimination claims were time-barred. (Id. at 10–13.)

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

---

[1] Thomas did not file a Notice of Motion until September 15, 2017. (D.E. # 53.)

court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.; see also In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (stating that a reconsideration motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). Local Rule 6.3,[2] which addresses motions for reconsideration, states in pertinent part that "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The Rule "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003). "[A] party making a motion for reargument may not . . . advance new facts, issues or arguments not previously presented to the Court." Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

A court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting Wendy's Int'l,

---

[2] Thomas moved for reconsideration under Federal Rule of Civil Procedure 60(b), which states that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . , misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Defendants are correct that reconsideration under this Rule is limited to final orders. (See Defs. Opp. at 4–5); Indem. Ins. Co. of N. Am. v. Reisley, 153 F.2d 296, 299 (2d Cir. 1945) ("Rule 60(b) . . . is not applicable because it relates only to a final order, and no order in a bankruptcy proceeding is final (in the sense that it cannot be reopened) until the proceeding has been terminated." (internal footnotes omitted)). Nonetheless, other than stating that Thomas moves under Rule 60(b), she does not argue that any of the reasons under Rule 60(b)'s subsections (1) through (6) either is applicable or warrants reconsideration. And, for the reasons set forth herein, reconsideration would nonetheless not be warranted under Rule 60(b).

Since Judge Townes granted Thomas leave at the July 27, 2017, status conference to seek reconsideration of the Motion to Dismiss Ruling, this Court will not address Defendants' timeliness arguments. (Defs. Opp. at 6.)

Inc. v. Nu–Cape Construction, Inc., 169 F.R.D. 680, 685 (M.D. Fla. 1996)). "The decision to grant or deny the motion is within the sound discretion of the district court." EEOC, 268 F. Supp. 2d at 195; accord Archer v. TNT USA, Inc., 12 F. Supp. 3d 373, 376 (E.D.N.Y. 2014).

a. Age Discrimination Under 42 U.S.C. § 1983

Thomas seeks reconsideration of the Motion to Dismiss Ruling that she insufficiently pled a cause of action for age discrimination in violation of the equal protection clause under 42 U.S.C. § 1983. (Reconsideration Mot. at 9–10.) Specifically, Judge Townes held that, although a plaintiff may bring an equal protection claim for age discrimination under § 1983, she may not "use violations of employment discrimination statutes as the basis for a § 1983 claim." (Mot. to Dismiss Ruling at 20–21.) In reaching that decision, Judge Townes relied on two Second Circuit cases: Patterson v. County of Oneida, New York, 375 F.3d 206, 225 (2d Cir. 2004), and Saulpaugh v. Monroe Community Hospital, 4 F.3d 134, 143 (2d Cir. 1993). (See Mot. to Dismiss Ruling at 20–21.) Judge Townes also explained how Thomas's primary precedent, Shapiro v. New York City Department of Education, 561 F. Supp. 2d 413 (S.D.N.Y. 2008), did not counsel in favor of a different result. (Mot. to Dismiss Ruling at 19–21.) Because Thomas made "no effort to articulate an age discrimination claim based on Equal Protection or some other distinct violation of a constitutional right," rather than based on a violation of an age-discrimination statute, Judge Townes dismissed Thomas's § 1983 claims for age discrimination. (Id. at 21.)

Thomas fails to persuade the Court that reconsideration is necessary for three reasons. First, Thomas attempts to press an argument already addressed by Judge Townes, namely, the argument that age discrimination claims are cognizable under § 1983. (Reconsideration Mot. at 9.) Judge Townes agreed that this was true, but nevertheless found that Thomas had failed to state a claim. (Mot. to Dismiss Ruling at 19–21.)

5

Second, Thomas tries to rebut Judge Townes's holding more directly by citing to Anand v. New York State Department of Taxation and Finance, No. 10-CV-5142 (SJF), 2013 U.S. Dist. LEXIS 104424 (E.D.N.Y. May 28, 2013), adopted by, No. 10-CV-5142 (SJF), 2013 U.S. Dist. LEXIS 104291 (E.D.N.Y. Jul. 25, 2013), for the proposition that "allowing an age based equal protection claim allows plaintiff to plead a claim against the defendants that is difficult to distinguish from an ADEA claim, because, courts considering equal protection claims based on age use the identical analysis that they use in an ADEA claim." (Reconsideration Mot. at 9 (internal alterations omitted) (quoting Anand, 2013 U.S. Dist. LEXIS 104424).) But Anand is a Magistrate Judge's Report and Recommendation that was not filed until after Judge Townes issued the Motion to Dismiss Ruling. See 2013 U.S. Dist. LEXIS 104424. As such, it is neither a controlling decision nor a decision that Judge Townes overlooked. See Shrader, 70 F.3d at 257. Thomas's arguments based on Anand do not support reconsideration.

Third, and finally, Thomas argues that she has stated a claim for age discrimination under the Equal Protection Clause because she "does not solely argue that employment discrimination statutes were violated as a basis for her claim," but instead has alleged that, "when compared with similarly situated individuals, [s]he was selectively treated" based on her age. (Reconsideration Mot. at 10 (quoting Crownley v. Courville, 76 F.3d 47, 52–53 (2d Cir. 1996).) Thus, Thomas argues, she has alleged that Defendants violated a distinct constitutional right under the Fourteenth Amendment. (Id.) But, Thomas's complaint contains only a bare-bones allegation of an equal protection violation, with no reference to "similarly situated" individuals being treated differently. (See D.E. # 1 ¶¶ 224–34.) "[A] party making a motion for reargument may not . . . advance new facts, issues or arguments not previously presented to the Court." Morse/Diesel, 768 F. Supp. at 116. Moreover, Thomas neither cited Crownley nor made this argument in her opposition to

Defendants' motion to dismiss. (See D.E. # 27 at 8–10; see also Mot to Dismiss Ruling at 21 ("Point II in Plaintiff's Opposition makes no effort to articulate an age discrimination claim based on Equal Protection or some other distinct violation of a constitutional right."); id. at 21 n.5 ("[T]his Court will not sua sponte address the question of whether Plaintiff's § 1983 cause of action states a claim for age discrimination in violation of the Equal Protection Clause.").) Accordingly, Thomas is not entitled to reconsideration of Judge Townes's dismissal of Thomas's age discrimination claims under § 1983.

b. Timeliness and the "Continuing Violation" Doctrine

Thomas also seeks reconsideration of the Motion to Dismiss Ruling that the relevant statutes of limitations bar (1) Thomas's ADEA claims that accrued before June 12, 2007, and (2) Thomas's § 1983 claims for age discrimination premised on Principal Robert Finley's decisions to pass her over for open guidance counselor positions in 2003, 2004, and 2005. (See Mot. to Dismiss Ruling at 15–19, 22–23.) As is relevant here, Judge Townes held that Thomas's age discrimination claims premised on these decisions by Principal Finley were time-barred and could not be saved by the "continuing violation" doctrine. (Id.)

The crux of Thomas's argument on reconsideration is that Principal Finley made the decision not to appoint Thomas as a guidance counselor pursuant to a "DOE policy to replace older workers by younger ones and to strip older workers from tenured positions." (Reconsideration Mot. at 11–12.) She rests her case almost entirely on a 2001 district court case that stated: "The continuing violations exception 'extends the limitations period for all claims of discriminatory acts committed under an ongoing policy of discrimination even if those acts, standing alone, would have been barred by the statute of limitations.'" (Id. at 11 (quoting Hansen v. Danish Tourist Bd., 147 F. Supp. 142, 155 (E.D.N.Y. 2001).)

7

Judge Townes held that the continuing violation doctrine could not save Thomas's claims premised on Principal Finley's decision not to appoint her as a guidance counselor, because the "instances in which Plaintiff was passed over for the guidance counselor position" constitute "[d]iscrete acts . . . which . . . cannot be brought within [the limitations period] even when undertaken pursuant to a general policy that results in other discrete acts occurring within the limitations period." (Mot. to Dismiss Ruling at 18–19 (quoting Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 157 (2d Cir. 2012).) In reaching this decision, Judge Townes relied on a 2002 ruling by the United States Supreme Court and a 2012 ruling by the Second Circuit ruling. (See id. at 17–19 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), and Chin, 685 F.3d 135).) Thomas cannot overcome these later-issued controlling precedents with citations to a district court case that is, in any case, consistent with Judge Townes's opinion. This Court will not disturb Judge Townes's ruling that Thomas's claims premised on her being passed over for guidance counselor positions in 2003, 2004, and 2005 are time-barred.

## II. Defendants' Motion to Dismiss for Failure to Prosecute

Defendants have moved to dismiss this case, under Federal Rule of Civil Procedure 41(b), for failure to prosecute. Rule 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." In determining whether a Rule 41(b) dismissal is appropriate, courts in the Second Circuit consider: "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court

adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d. Cir. 2000); see also U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). "In the context of the possibility of lesser sanctions, it is important to consider the relative balance of responsibilities between plaintiff and his attorney." Nolan v. Primagency, Inc., 344 F. App'x 693, 694 (2d Cir. 2009) (citing Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996)).

A judge enjoys "wide latitude" in determining whether to dismiss an action under Rule 41(b). Peart v. City of N.Y., 992 F.2d 458, 461 (2d Cir. 1993). "No single factor is ordinarily dispositive." Dodson, 86 F.3d at 40. Ultimately, the district court must apply the factors "in light of the record as a whole." Peart, 992 F.2d at 461.

Here, Defendants argue for Rule 41(b) dismissal because: Thomas failed to act for four years until the Order to Show Cause was issued in March 2017; Thomas was at fault for the delay because, after terminating her counsel in June 2013, she was responsible for litigating this case or acquiring new counsel, and she failed to do either; Thomas knew that she had to take some action because she sought extensions of time to seek reconsideration of the Motion to Dismiss Ruling; and, under the law, prejudice to Defendants may be presumed. (Defs. Opp. at 14–17.) Defendants also argue that discovery will be difficult in this case, given that certain issues date back fifteen years. (Id. at 16.) Thomas counters that the Court should refuse to dismiss under Rule 41(b) because: Defendants did not "actually move[]" for such dismissal; "Plaintiff has not failed to comply with any Court Order"; the Court can manage discovery to prevent any prejudice to Defendants from the past delays; and Defendants have been on notice about the allegations such that any relevant evidence would have been preserved. (D.E. # 52 ¶¶ 3–6.)

Nearly four years of inaction is an unreasonable delay, and prejudice to defendants from unreasonable delay may generally be presumed, because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999).

Nevertheless, the Court does not believe that dismissal is warranted here on failure-to-prosecute grounds. First, the delay appears to have been caused both by Thomas and her former counsel. Second, in responding to the Order to Show Cause, Thomas stated that during her four years of inactivity, she experienced "difficulty in researching the law and truly grasping the complexity of her case to move forward" pro se, had health issues after being "assaulted by a student[,]" did not obtain her entire case file from her former counsel, and was "overwhelm[ed]" at the task of retaining new counsel. (D.E. # 45 at 2–3.) Third, and most importantly, Thomas has not flouted any Court Orders, has responded to the Order to Show Cause, and Defendants have been on notice throughout this litigation regarding the claims at issue. See Drake, 375 F.3d at 255, 257 (reversing in part a Rule 41(b) dismissal because, as to claims not dismissed, defendants "were . . . in a good position to preserve evidence and prepare their defense . . . despite the [17-month] delay[]"). In each of the cases Defendants cite, (Defs. Opp. at 14–17), the plaintiff had disobeyed a court order. See Shannon, 186 F.3d at 194–95; Brown v. Cty. of Nassau, No. 14-CV-0247 (SJF), 2015 WL 1535713, at *3 (E.D.N.Y. Apr. 6, 2015); Aguilar v Kirschenbaum & Phillips, P.C., No. 11-CV-1085 (SJF), 2012 WL 1744852, at *2–5 (E.D.N.Y. May 15, 2012); Lediju v. N.Y.C. Dep't of Sanitation, 173 F.R.D. 105, 110–13 (S.D.N.Y. 1997). Looking at the record as a whole, a Rule 41(b) dismissal is too harsh a remedy here. Accordingly, Defendants' motion to dismiss for failure to prosecute is denied.

## CONCLUSION

For the reasons set forth above, the Court denies Thomas's motion for reconsideration and Defendants' motion to dismiss under Rule 41(b).

SO ORDERED.

Dated: March 30, 2018
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge